```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
_____
                               :
DARREN BROWN,                  :
                               :
          Petitioner,          :   Civ. No. 21-11583 (NLH)
                               :
     v.                        :   OPINION
                               :
LAMINE N'DIAYE,                :
                               :
          Respondent.          :
_____:
```

APPEARANCES:

Darren Brown
70050-050
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    *Petitioner Pro se*

Philip R. Sellinger, United States Attorney
Angela Juneau, Assistant United States Attorney
Office Of the U.S. Attorney
District Of New Jersey
970 Broad Street
Newark, NJ 07102

    *Attorneys for Respondent*

HILLMAN, District Judge

    Petitioner Darren Brown pled guilty in the United States District Court for the District of New Jersey to conspiring to possess heroin with intent to distribute, 21 U.S.C. § 846. United States v. Brown, No. 2:16-cr-00181 (D.N.J.) (ECF No. 246). On July 12, 2017, former Chief Judge Jose L. Linares

sentenced Petitioner to 120 months incarceration followed by 5 years of supervised release.  Id.

On May 20, 2021, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") refusal to apply earned time credits to his sentence under the First Step Act of 2018 ("FSA").  ECF No. 1.  The United States opposed the petition.  ECF No. 6.  At the time, the BOP calculated Petitioner's projected release date to be September 14, 2024.  ECF No. 6-2 at 6.

On January 13, 2022, the BOP finalized a new rule codifying the BOP's procedures regarding the earning and application of time credits under the FSA.  FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 et. seq.  On February 25, 2022, the Court ordered Respondent to supplement its answer on the effect, if any, the BOP's final rule interpreting how and when federal prisoners earn Time Credits under the First Step Act had on Petitioner's claim or whether the petition was moot.  ECF No. 8.  Respondent answered on April 22, 2022 that "while the BOP's final rule does not moot Brown's request for the immediate application of FSA time credits, his request is not yet ripe for consideration."  ECF No. 10 at 3.  "The BOP has not yet calculated the amount of FSA time credit that Brown may have earned, however, because he is not within 24 months of his release date. . . . . [H]is good conduct time release date is

2

September 14, 2024; thus, he is not at risk for an untimely release." Id.

The Court requested a second update on March 29, 2023 as "it is now less than 24 months before Petitioner's Projected Release Date of September 14, 2024.  Respondent shall update the Court as to the status of the calculation of Petitioner's FSA credits and the effect, if any, of said calculation on the § 2241 petition."  ECF No. 11.  The United States responded that "[o]n March 25, 2023, the BOP recalculated Brown's FSA time credits pursuant to the updated BOP Time Credit policy."  ECF No. 12 at 2.  "Brown is now eligible to accrue and apply FSA time credits toward his release, home confinement, or placement in a Residential Reentry Center.  Further, BOP has applied 365 days of FSA time credits to Brown's September 14, 2024 Good Conduct Time release date, and Brown's First Step Act release date is now September 15, 2023."  Id.  It argued the petition should be dismissed as unexhausted.  Petitioner did not file a response.

The BOP has recalculated Petitioner's sentence and awarded him 365 days good time credits, resulting in an earlier release date of September 15, 2023.  Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited July 24, 2023). Petitioner has been released to the Philadelphia Residential

3

Reentry Management ("RRM").[1]  If he objects to the BOP's new calculation of his sentence, he must exhaust his administrative remedies before filing a new § 2241.

The Court can grant no further relief on the petition as filed because the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time.  United States v. Johnson, 529 U.S. 53 (2000).  Accord DeFoy v. McCullough, 393 F.3d 439, 442 n.3 (3d Cir. 2005) ("[T]he length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'" (quoting Johnson)).  Accordingly, the § 2241 petition is moot and will be dismissed.

An appropriate order will be entered.


Dated: July 25, 2023            s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[1] Petitioner has not provided the Court with his new address in violation of Local Civil Rule 10.1(a).  The Court will direct the United States to send a copy of this Opinion and Order to Petitioner.

4